# EXHIBIT "A"

4-27-2023

5μ51273

| YIWEI LU SILVERIO, | IN THE CIRCUIT COURT IN AND FOR BROWARD COUNTY, FLORIDA |
|---|---|
| Plaintiff, | CIRCUIT CIVIL DIVISION |
| v. | CASE NO.: CACE-23-012471 |
| JUST BRANDS, LLC, | |
| Defendants. | |

_____/

## SUMMONS
(Corporate Service)

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition in this action on defendant(s):

     **JUST BRANDS LLC**
     by serving Matthew Cohen, its Registered Agent
     3406 SW 26th Terrace, C1-5
     Fort Lauderdale, FL 33312.

     Each defendant is required to serve written defenses to the complaint or petition on Kyle T. MacDonald, Esquire, Plaintiff's attorney, whose address is:

     Derek Smith Law Group, PLLC
     c/o Kyle T. MacDonald, Esq.
     701 Brickell Avenue Suite 1310
     Miami, FL 33131,

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____APR 18 2023_____, 2023.

CLERK OF THE CIRCUIT COURT

By: _____
     As Deputy Clerk

**BRENDA D. FORMAN**

## NOTICES TO PERSON WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 SE 6 Street, Ft Lauderdale, FL 33301, (954) 831-7721 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing of voice impaired, call 711.

IN THE CIRCUIT COURT OF THE SEVENTEETH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

YIWEI LU SILVERIO,                                 CIRCUIT CIVIL DIVISION

      Plaintiff,                                   CASE NO.: _____

v.

                                 **JURY TRIAL DEMANDED**

JUST BRANDS LLC, a Florida
limited liability company,

      Defendant.
_____/

## COMPLAINT

Plaintiff, YIWEI LU SILVERIO (hereinafter referred to as "Plaintiff" or "Ms. Lu Silverio"), by and through her undersigned counsel, hereby complains of the Defendant, JUST BRANDS LLC (hereinafter referred to as "Defendant" or "Just Brands"), and in support alleges as follows:

## INTRODUCTION

1.     This case involves a Chinese woman who was discriminated against, retaliated against, and unlawfully terminated by her employer on the basis of her race and national origin.

2.     Plaintiff Yiwei Lu Silverio brings this action pursuant to the Florida Civil Rights Act of 1992, § 760.01, Florida Statutes *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 *et seq.* ("Section 1981").

3.     Ms. Lu Silverio seeks monetary relief to redress the Defendant's unlawful employment practices in violation of the FCRA, Title VII, and Section 1981. Additionally, this action seeks to redress Defendant's deprivation of Ms. Lu Silverio's personal dignity and her right to pursue equal employment opportunities.

1

## PARTIES

4.      Ms. Lu Silverio is an individual woman of Asian race and Chinese national origin residing in Miami-Dade County, Florida, over the age of eighteen years, and otherwise *sui juris*.

5.      Defendant Just Brands is a Florida Limited Liability Company, with its principal place of business located at 3406 SW 26th Terrace C1-5, Fort Lauderdale, Florida.

6.      At all material times, Ms. Lu Silverio was employed by Defendant Just Brands.

7.      The exact number of employees of Defendant Just Brands is unknown, but upon information and belief, there are well more than the statutory minimum under the FCRA and Title VII.

8.      Defendant Just Brands is a "person" within the meaning of § 760.02(6), Florida Statutes, and an "employer" within the meaning of § 760.02(7), Florida Statutes.

9.      Defendant Just Brands is an "employer" within the meaning of 42 U.S.C. § 2000e(b)

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to § 34.01(c), Florida Statutes, because this action seeks damages greater than $50,000.00, exclusive of interests, fees, and costs.

11.     Venue is proper in the Seventeenth Judicial Circuit under § 47.011, Florida Statutes, because a substantial part of the acts or omissions giving rise to this suit occurred in Broward County Florida, and because the Defendant's principal place of business is located in Broward County, Florida.

## ADMINISTRATIVE PREREQUISITES

12.     Plaintiff has complied with all statutory prerequisites in order to file this action.

13.     On or about October 22, 2021, Plaintiff timely filed a charge of discrimination (Charge No. 515-2022-00096) against Defendant Just Brands with the U. S. Equal Employment

2

Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

14.     An EEOC filing automatically operates as a dual-filing with the Florida Commission on Human Relations.

15.     On or around February 23, 2023, the EEOC issued Plaintiff's Right to Sue Notice against Defendant Just Brands.

16.     Plaintiff is timely commencing this action within ninety (90) days of receipt of the EEOC Right to Sue Notice.

17.     More than one hundred and eighty days (180) have passed since the filing of the aforementioned charge.

## FACTUAL ALLEGATIONS

18.     Defendant manufactures, markets and/or globally distributes cannabidiol products.

19.     In or around October 2020, Ms. Lu Silverio was hired by Defendant as a Procurement Manager.

20.     As a Procurement Manager, Ms. Lu Silverio was responsible for sourcing and purchasing promotional products; managing and guiding work with overseas factories in China and other foreign countries; and overseeing orders through production, including testing and quality control.

21.     Throughout her employment, Ms. Lu Silverio was subjected to discrimination and harassment on the basis of her Asian race and Chinese national origin by Defendant. By means of example and not meant to be an exhaustive list, Defendant subjected Ms. Lu Silverio to racist and demeaning verbal abuse, assigned Ms. Lu Silverio to an extremely burdensome workload, changed Ms. Lu Silverio's job duties for which she was hired, required Ms. Lu Silverio to work 60 to 70

3

hours per week, threatened Ms. Lu Silverio when she complained about the abusive treatment she was receiving, and unlawfully terminated Ms. Lu Silverio.

22.     At all times material hereto, HUSSEIN RAKINE ("Rakine"), the Owner of Defendant Just Brands, asserted supervisory authority over Ms. Lu Silverio, including the power to hire, fire, demote, and/or promote Ms. Lu Silverio.

23.     Rakine is an individual male of Lebanese race and/or national origin.

24.     At all times material hereto, BRETT SANDMAN ("Sandman") asserted supervisory authority over Ms. Lu Silverio, including the power to hire, fire, demote, and/or promote Ms. Lu Silverio.

25.     Sandman is an individual Caucasian male.

26.     On or around October 26, 2020, Rakine arranged to introduce Ms. Lu Silverio to officers and/or directors of the commercial entities SPEEDY DISTRIBUTION INC. ("Speedy") and HIGH ROLLER PRIVATE LABEL LLC ("High Roller"), and informed Ms. Lu Silverio that she was required to assist Speedy and High Roller with any tasks that they might request.

27.     Despite the fact that Ms. Lu Silverio's offer of employment required her to report to Just Brands management exclusively, Rakine nevertheless changed the terms and conditions of Plaintiff's employment from the outset of her tenure by having her perform work not only for Defendant Just Brands but also for High Roller and Speedy.

28.     It was never disclosed to Ms. Lu Silverio, at the time of hire, that she was to perform work for High Roller, Speedy, or any other commercial entity besides Defendant Just Brands.

29.     On or around October 29, 2020, Ms. Lu Silverio met with Rakine expressing concerns about working for and reporting to multiple companies, and the extremely onerous workload that came with it.

4

30.     Rakine brushed off Ms. Lu Silverio's concerns and told her that High Roller and Speedy were sister companies of Defendant Just Brands. As a result, Ms. Lu Silverio was required to begin taking order from High Roller and Speedy management personnel, in addition to Defendant's management personnel.

31.     From that point forward, Ms. Lu Silverio received assignments from High Roller and Speedy management on a weekly basis.

32.     These assignments often involved the purchase of materials, such as hookahs, gloves, and supplies for the business purposes of High Roller and/or Speedy.

33.     A certain assignment generated by High Roller even involved Ms. Lu Silverio in the repair work of a certain machine, which was clearly beyond the scope of her duties.

34.     Working under multiple managers forced Ms. Lu Silverio to be subjected to a much more burdensome workload than other similarly situated non-Asian/non-Chinese employees, who worked under only one manager. This placed Ms. Lu Silverio at a significant disadvantage in comparison to her non-Asian/non-Chinese co-workers.

35.     In or around early February 2021, Rakine introduced Sandman to Ms. Lu Silverio by virtual means.

36.     Rakine told Ms. Lu Silverio that Sandman was "a partner and owner of Just CBD" and that he "needs some help with communication with a client."

37.     Additionally, Rakine instructed Ms. Lu Silverio to help Sandman with "anything he needs," which in turn only served to further increase Ms. Lu Silverio's already onerous workload.

38.     On or around February 11, 2021, Sandman asked Ms. Lu Silverio to translate four (4) documents from English to Chinese.

39.     Ms. Lu Silverio was surprised that Sandman had asked her to perform translation work, as she was hired to perform procurement duties, but Ms. Lu Silverio nevertheless complied because she believed this was an isolated request, and she wanted to show her employer that she was a team player.

40.     On or around February 18, 2021, ARIANA (last name unknown), one of Defendant's social media marketing staff members, asked Ms. Lu Silverio to complete another translation request, to translate certain materials from English into Chinese.

41.     Then, on or around February 24, 2021, Sandman asked Ms. Lu Silverio to translate twelve (12) additional documents into Chinese.

42.     Although Ms. Lu Silverio spoke Mandarin and knew that she was expected to use her language skills in her procurement duties, she was not hired as a translator nor did her job duties include translation services. Despite this, Ms. Lu Silverio's job was slowly becoming consumed with performing translation tasks and her duties as procurement specialist.

43.     In fact, the translation work requested of Ms. Lu Silverio required a certain expertise in legal and medical translation beyond Ms. Lu Silverio's skill set and her job duties. Moreover, Plaintiff's English proficiency, while equal to her procurement duties, was, to Plaintiff, unsuited for translation work.

44.     Ms. Lu Silverio believed that Defendant and Defendant's agents were overburdening her with work and requiring her to perform translation-related tasks solely because of her Asian race and Chinese national origin.

45.     On or around February 24, 2021, Ms. Lu Silverio complained to Rakine that Sandman's translation assignments required a skillset other than what her position entailed and

that it was delaying the development of all her core assignments. She even offered to help Rakine find a professional translator.

46.     Rakine replied as follows: "I will not insist because that is not your job but if you can do me a favor and just help him [Sandman] out with this one job, it won't be a lot of projects, just one customer I believe he needs help with."

47.     Thus, even Rakine, the Defendant Just Brand's owner, admitted that translation work was not Plaintiff's job.

48.     Ms. Lu Silverio felt significant pressure from Defendant's senior management to oblige and continue meeting the translation demands placed on her in discriminatory manner.

49.     On or around February 25, 2021, CAROLINA (last name unknown), one of Defendant's social media staff members, also engaged Ms. Lu Silverio to translate certain materials into Chinese.

50.     Throughout her employment Ms. Lu Silverio was required to prioritize, and in fact prioritized, the referenced translation jobs and other extraneous jobs often to the detriment of the core procurement duties on account of which she was hired.

51.     As a result, the progress of Ms. Lu Silverio's procurement projects, for which she was hired, lagged significantly and Ms. Lu Silverio felt extremely stressed and overburdened.

52.     Ms. Lu Silverio commonly worked sixty (60) to seventy (70) hours per week to keep up with her workload. Other similarly situated employees, who were outside her protected class, and were salaried like Plaintiff, worked ordinarily only forty (40) hours per week.

53.     Rakine and Sandman forced Ms. Lu Silverio to work more than forty (40) hours per week.

54.     In a meeting on or about February 26, 2021, Ms. Lu Silverio again complained to Rakine that the referenced translation assignments significantly hindered the progress of her core procurement projects and expressed that she felt that she was being assigned more work than her colleagues. Ms. Lu Silverio pleaded for Rakine to hire a freelance translator.

55.     On or around March 3, 2021, Defendant finally relented and, with Ms. Lu Silverio's assistance, hired a freelance Chinese translator to handle some of the referenced translation work.

56.     All the while, however, Rakine instructed Ms. Lu Silverio to supervise and work together with the freelancer. Ms. Lu Silverio was expected to continue to work on translations while delegating just a portion of the work to the freelancer.

57.     As soon as Defendant hired the freelancer, Sandman sent to Ms. Lu Silverio some 226 pages of documents from the Just Brands website, for translation from English to Chinese.

58.     Sandman's treatment of Ms. Lu Silverio soon turned overtly hostile, demeaning, and abusive.

59.     In or around April 2021, Ms. Lu Silverio, who customarily worked remotely, appeared in person at Defendant's offices for a meeting.

60.     Sandman noticed Ms. Lu Silverio, whom he had never previously met in person, and greeted her by saying, "Oh, you are the cheapshit Chinese girl? Sexy!"

61.     Rakine and MELISSA ACOSTA ("Acosta") were present but in a separate room.

62.     Ms. Lu Silverio was shell shocked that a partner of Defendant Just Brands would make such an insensitive, degrading, racist, and inappropriate remark.

63.     Ms. Lu Silverio collected herself sufficiently to address and update Sandman about the most recent translation project and then walked away.

64.     Around this same time, Ms. Lu Silverio also discovered that she no longer had a workspace and that her office area had been given to another employee. Ms. Lu Silverio was never informed of this change and only realized that she no longer had a workspace when she discovered another employee sitting at her desk. Ms. Lu Silverio was embarrassed and felt like she did not belong at the company.

65.     Sandman's treatment of Ms. Lu Silverio was decidedly worse than his treatment of employees outside Plaintiff's legally protected class.

66.     Ms. Lu Silverio, however, was reluctant to report Sandman due to fear that she might be retaliated against by Sandman or other employees of Defendant.

67.     In an email to Ms. Lu Silverio on or about April 7, 2021, concerning the aforesaid website translation, Sandman wrote, "Are we done? Or do you want me to scrap [sic] the sites for them? I can have someone scrap [sic] all content better."

68.     Ms. Lu Silverio explained that she was working to ensure the accuracy of the translation, but Sandman could not be bothered to reason with Plaintiff.

69.     During a meeting with Rakine in or around April 2021, Ms. Lu Silverio brought up that she needed more resources in her procurement sector, including manpower and funds. Rakine informed Ms. Lu Silverio that there was no room in the budget to provide her adequate resources. He mentioned, however, that perhaps in a couple of months the budget would open up at the conclusion of a deal that Defendant was negotiating.

70.     By refusing Ms. Lu Silverio the resources that he recognized Ms. Lu Silverio needed to complete her work adequately, Rakine was deliberately setting Ms. Lu Silverio up for failure.

9

71.     In or around April 2021, Acosta enlisted Plaintiff to aid in a certain labeling project under the overarching direction of Rakine and Sandman.

72.     Before long, Ms. Lu Silverio was dragged away again from her procurement line of work when, beyond functioning as a procurement liaison between overseas factories and Defendant's design and marketing sectors, she was required to assist in the design aspects of the project.

73.     The continuous assignment of projects or jobs extraneous to Ms. Lu Silverio's procurement duties interfered with or prevented Ms. Lu Silverio from carrying out her work as Procurement Manager and represented a change in the terms and conditions of her employment.

74.     Defendant never required other managers outside Defendant's protected class to assume duties outside of their specialty or job description.

75.     By means of example, on or around May 2021 Acosta was tapped to handle orders, invoices, and shipment logistics, but, when she balked at taking on such additional duties, which were extraneous to her responsibilities as Defendant Just Brand's Director of Marketing, Defendant shifted such duties to lower-level staff. Ms. Lu Silverio was never given that option.

76.     Ms. Lu Silverio knew that Defendant's targeting of her was due to her race and national origin.

77.     On or around June 15, 2021, Ms. Lu Silverio again became the target of Sandman's frustrations due to alleged delays in the referenced labeling project. "Let's get this fucking done already. [It] does not have to be perfect," Sandman wrote in an email to Ms. Lu Silverio.

78.     Ms. Lu Silverio complained to Sandman that he was way out of line for speaking to her in such a foul and unprofessional way.

10

79.     Sandman replied, in relevant part, that "I can find someone to do this faster. If I want to email that I am pissed off bc we have [a] deadline July 1 [...] and bc of snail pace this [is] going[.] [I]f I miss it, you will cause me to lose 500k euros a month."

80.     Sandman went on to threaten Ms. Lu Silverio, writing that "[if] this happens, you will hear more than just in email."

81.     On or around June 15, 2021, Ms. Lu Silverio, feeling flush with terror, contacted Rakine and LISA GOBLE ("Goble"), Defendant Just Brand's Director of Accounting and Human Resources, and requested a meeting to address Sandman's derogatory conduct and his unfair treatment of Ms. Lu Silverio.

82.     Rather than take any meaningful corrective action against Sandman, Rakine largely ignored Ms. Lu Silverio's complaints about the discriminatory treatment she was experiencing.

83.     On or around June 16, 2021, Ms. Lu Silverio again complained to Goble about the unfair treatment she was experiencing at the hands of Sandman. She complained about her disparately intense workload and inadequate supply of resources. She further invited Goble's involvement "to address this management issue that is affecting my work."

84.     On or around June 16, 2021, in an act of discrimination and retaliation, Defendant unlawfully terminated Ms. Lu Silverio on the basis of her race and national origin.

85.     Defendant's purported reason for firing Ms. Lu Silverio was failure to timely complete her assignments and was purely pretextual in nature.

86.     On or around June 21, 2021, in a complete contradiction of Defendant's purported reason for Ms. Lu Silverio's termination, Defendant issued Ms. Lu Silverio a letter of recommendation on Defendant's letterhead commending Ms. Lu Silverio's "professionalism and

work ethic." The letter also stated that she was only terminated due to a merger of the Procurement and Inventory Control roles at Just Brands.

87.     The above-described conduct represents just some examples of the discriminatory conduct and retaliation to which Defendant subjected Ms. Lu Silverio.

88.     Defendant unlawfully discriminated against Ms. Lu Silverio on the basis of her race and national origin and retaliated against Ms. Lu Silverio for opposing Defendant's unlawful employment practices.

89.     Ms. Lu Silverio thus claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

90.     Defendant is either directly or vicariously responsible for the unlawful acts and conduct complained of herein.

91.     As a result of Defendant's actions, Ms. Lu Silverio felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

92.     At all times material hereto, Defendant's employees acted as agents of Defendant in their discriminatory, retaliatory, and unlawful treatment of Ms. Lu Silverio.

93.     At all times material hereto, Defendant acted with deliberate indifference to the discriminatory treatment, hostile work environment, and retaliation complained of herein.

94.     As a result of the acts and conduct complained herein, Ms. Lu Silverio has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails, and Ms. Lu Silverio has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Ms. Rosario has further experienced severe emotional and physical distress.

12

95.    Defendant's conduct has been had malicious, willful, extreme, and outrageous, and conducted with full knowledge of the law, so as to justify an award of punitive damages against Defendant.

## CAUSES OF ACTION
### COUNT 1
### § 760.10(1), FLA. STAT.
### DISCRIMINATION

96.    Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

97.    The FCRA prohibits employment discrimination in an individual's terms, conditions, and privileges of employment because of the individual's race or national origin. § 760.10(1)(a), Fla. Stat.

98.    Ms. Lu Silverio is a person of Asian race and Chinese national origin and is therefore a protected class member.

99.    The elements of a prima facie case of disparate treatment are flexible and are tailored on a case-by-case basis to differing factual circumstances.

100.    Defendant subjected Ms. Lu Silverio to discriminatory treatment on the basis of her race and national origin.

101.    The Defendant's discriminatory treatment included, but was not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

102.    Defendant targeted Ms. Lu Silverio because she was a person of Asian race and Chinese national origin. No similarly situated employee outside her protected class endured the discriminatory conduct that Ms. Lu Silverio was forced to endure.

103.    The discriminatory actions of the Defendant against Ms. Lu Silverio, as described and set forth above, constitute an adverse employment action for purposes of the FCRA. In subjecting Ms. Lu Silverio to adverse employment actions, the Defendant intentionally discriminated against Ms. Lu Silverio with respect to the compensation, terms, conditions, or privileges of her employment.

104.    As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

105.    The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

106.    Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under the FCRA.

107.    Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

14

<u>COUNT II</u>
§ 760.10(1), FLA. STAT.
HOSTILE WORK ENVIRONMENT

108.   Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

109.   The FCRA prohibits employment discrimination in an individual's terms, conditions, and privileges of employment because of the individual's race or national origin. § 760.10(1)(a), Fla. Stat.

110.   Ms. Lu Silverio is a person of Asian race and Chinese national origin and is therefore a protected class member.

111.   The Defendant's discriminatory conduct was severe or pervasive enough to make any reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile, or abusive.

112.   The Defendant's severe and pervasive conduct included, but was not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

113.   Defendant targeted Ms. Lu Silverio because she was a person of Asian race and Chinese national origin. No similarly situated employee outside her protected classes endured the discriminatory conduct that Ms. Lu Silverio was forced to endure.

114.   The Defendant's discriminatory conduct toward Ms. Lu Silverio negatively impacted both her professional life and her personal life. The Defendant's conduct made Ms. Lu Silverio feel isolated, humiliated, embarrassed, and ashamed.

115. As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of the FCRA. Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

116. The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

117. Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under the FCRA.

118. Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

**COUNT III**
**§ 760.10(7), FLA. STAT.**
**RETALIATION**

119. Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

120. The FCRA prohibits employment discrimination in an individual's terms, conditions, and privileges of employment because of the individual's race or national origin. § 760.10(1)(a), Fla. Stat.

121. Ms. Lu Silverio is a person of Asian race and Chinese national origin and is therefore a protected class member.

122. Ms. Lu Silverio engaged in a protected activity when she opposed the Defendant's unlawful discriminatory conduct on the basis of her race and national origin.

123. In response to Ms. Lu Silverio's opposition to Defendant's discriminatory conduct and assertion of her right to enjoy the same employment benefits as every other employee, the Defendant retaliated against Ms. Lu Silverio.

124. Defendant retaliated against Ms. Lu Silverio by engaging in conduct, including but not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

125. Defendant took the above-mentioned materially adverse actions, among others, against Ms. Lu Silverio because of her protected activities.

126. Any reasonable employee in Ms. Lu Silverio's position would be dissuaded from opposing discriminatory conduct if they knew that they would be subjected to the kind of treatment that Ms. Lu Silverio was forced to endure.

127. The Defendant's alleged bases for its adverse employment actions against Ms. Lu Silverio are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

128. As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of

17

dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay. interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

129.    The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under the FCRA, warranting the imposition of punitive damages in addition to compensatory damages.

130.    Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under the FCRA.

131.    Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

**COUNT IV**
**42 U.S.C. § 2000e-2**
**DISCRIMINATION**

132.    Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

133.    Title VII provides in relevant part, that "it shall be an unlawful employment practice for an employer... to discrimination against any individual with respect to his compensation, term, conditions, or privileges of employment, because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

134.    Title VII further providers that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

135.    Ms. Lu Silverio is a person of Asian race and Chinese national origin and is therefore a protected class member.

136.    The elements of a prima facie case of disparate treatment are flexible and are tailored on a case-by-case basis to differing factual circumstances.

137.    Defendant subjected Ms. Lu Silverio to discriminatory treatment on the basis of her race and national origin.

138.    The Defendant's discriminatory treatment included, but was not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

139.    Defendant targeted Ms. Lu Silverio because she was a person of Asian race and Chinese national origin. No similarly situated employee outside her protected class endured the discriminatory conduct that Ms. Lu Silverio was forced to endure.

140.    The discriminatory actions of the Defendant against Ms. Lu Silverio, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Ms. Lu Silverio to adverse employment actions, the Defendant intentionally discriminated against Ms. Lu Silverio with respect to the compensation, terms, conditions, or privileges of her employment.

141.    As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic

19

damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

142.   The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

143.   Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under Title VII.

144.   Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

**COUNT V**
**42 U.S.C. § 2000e-2**
**HOSTILE WORK ENVIRONMENT**

145.   Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

146.   Title VII provides in relevant part, that "it shall be an unlawful employment practice for an employer… to discrimination against any individual with respect to his compensation, term, conditions, or privileges of employment, because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

147.   Title VII further provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

148.   Ms. Lu Silverio is a person of Asian race and Chinese national origin and is therefore a protected class member.

149.     The Defendant's discriminatory conduct was severe or pervasive enough to make any reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile, or abusive.

150.     The Defendant's severe and pervasive conduct included, but was not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

151.     Defendant targeted Ms. Lu Silverio because she was a person of Asian race and Chinese national origin. No similarly situated employee outside her protected classes endured the discriminatory conduct that Ms. Lu Silverio was forced to endure.

152.     The Defendant's discriminatory conduct toward Ms. Lu Silverio negatively impacted both her professional life and her personal life. The Defendant's conduct made Ms. Lu Silverio feel isolated, humiliated, embarrassed, and ashamed.

153.     As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

154.    The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

155.    Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under the Title VII.

156.    Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

**COUNT VI**
**42 U.S.C. § 2000e-3**
**RETALIATION**

157.    Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

158.    Title VII prohibits retaliation in any manner against a person who has opposed a discriminatory practice, or who has participated in any investigation, proceeding or hearing related to an unlawful discriminatory practice. 42 U.S.C. § 2000e-3(a).

159.    Ms. Lu Silverio is a person of Asian race and Chinese national origin and is therefore a protected class member.

160.    Ms. Lu Silverio engaged in a protected activity when she opposed the Defendant's unlawful discriminatory conduct on the basis of her race and national origin.

161.    In response to Ms. Lu Silverio's opposition to Defendant's discriminatory conduct and assertion of her right to enjoy the same employment benefits as every other employee, the Defendant retaliated against Ms. Lu Silverio.

162.    Defendant retaliated against Ms. Lu Silverio by engaging in conduct, including but not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she

was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

163.    Defendant took the above-mentioned materially adverse actions, among others, against Ms. Lu Silverio because of her protected activities.

164.    Any reasonable employee in Ms. Lu Silverio's position would be dissuaded from opposing discriminatory conduct if they knew that they would be subjected to the kind of treatment that Ms. Lu Silverio was forced to endure.

165.    The Defendant's alleged bases for its adverse employment actions against Ms. Lu Silverio are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

166.    As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

167.    The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

168.    Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under Title VII.

169.    Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

### COUNT VII
### 42 U.S.C. § 1981
### DISCRIMINATION

170.    Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

171.    Section 1981 provides in relevant part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

172.    Section 1981 further provides that the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C. § 1981(b).

173.    Ms. Lu Silverio is a person of Asian race and is therefore a protected class member.

174.    The elements of a prima facie case of disparate treatment are flexible and are tailored on a case-by-case basis to differing factual circumstances.

175.    Defendant subjected Ms. Lu Silverio to discriminatory treatment on the basis of her race.

176.    The Defendant's discriminatory treatment included, but was not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to

work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

177.    Defendant targeted Ms. Lu Silverio because she was a person of Asian race. No similarly situated employee outside her protected class endured the discriminatory conduct that Ms. Lu Silverio was forced to endure.

178.    The discriminatory actions of the Defendant against Ms. Lu Silverio, as described and set forth above, constitute an adverse employment action for purposes of Section 1981. In subjecting Ms. Lu Silverio to adverse employment actions, the Defendant intentionally discriminated against Ms. Lu Silverio with respect to the compensation, terms, conditions, or privileges of her employment.

179.    As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Section 1981, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

180.    The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under Section 1981, warranting the imposition of punitive damages in addition to compensatory damages.

181.    Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under Section 1981.

182.    Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

### COUNT VIII
### 42 U.S.C. § 1981
### HOSTILE WORK ENVIRONMENT

183.    Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

184.    Section 1981 provides in relevant part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

185.    Section 1981 further provides that the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C. § 1981(b).

186.    Ms. Lu Silverio is a person of Asian race and is therefore a protected class member.

187.    The Defendant's discriminatory conduct was severe or pervasive enough to make any reasonable person of the same legally protected class believe that the conditions of employment were altered, and that the working environment was intimidating, hostile, or abusive.

188.    The Defendant's severe and pervasive conduct included, but was not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu Silverio to

work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

189.     Defendant targeted Ms. Lu Silverio because she was a person of Asian race. No similarly situated employee outside her protected classes endured the discriminatory conduct that Ms. Lu Silverio was forced to endure.

190.     The Defendant's discriminatory conduct toward Ms. Lu Silverio negatively impacted both her professional life and her personal life. The Defendant's conduct made Ms. Lu Silverio feel isolated, humiliated, embarrassed, and ashamed.

191.     As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Section 1981, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

192.     The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under Section 1981, warranting the imposition of punitive damages in addition to compensatory damages.

193.     Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under Section 1981.

194.     Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

<u>COUNT IX</u>
42 U.S.C. § 1981
RETALIATION

195.    Plaintiff reincorporates the factual allegations in paragraphs 18 through 95.

196.    Section 1981 provides in relevant part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

197.    Section 1981 further provides that the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C. § 1981(b).

198.    Ms. Lu Silverio is a person of Asian race and is therefore a protected class member.

199.    Ms. Lu Silverio engaged in a protected activity when she opposed the Defendant's unlawful discriminatory conduct on the basis of her race.

200.    In response to Ms. Lu Silverio's opposition to Defendant's discriminatory conduct and assertion of her right to enjoy the same employment benefits as every other employee, the Defendant retaliated against Ms. Lu Silverio.

201.    Defendant retaliated against Ms. Lu Silverio by engaging in conduct, including but not limited to, subjecting Ms. Lu Silverio to racist and demeaning verbal abuse; assigning Ms. Lu Silverio an extremely burdensome workload; changing Ms. Lu Silverio's job duties for which she was hired; altering the terms and conditions of Ms. Lu Silverio's employment; requiring Ms. Lu

28

Silverio to work 60 to 70 hours per week; threatening Ms. Lu Silverio; and unlawfully terminating Ms. Lu Silverio.

202.    Defendant took the above-mentioned materially adverse actions, among others, against Ms. Lu Silverio because of her protected activities.

203.    Any reasonable employee in Ms. Lu Silverio's position would be dissuaded from opposing discriminatory conduct if they knew that they would be subjected to the kind of treatment that Ms. Lu Silverio was forced to endure.

204.    The Defendant's alleged bases for its adverse employment actions against Ms. Lu Silverio are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

205.    As a direct and proximate result of the Defendant's intentional discriminatory conduct in violation of Section 1981, Ms. Lu Silverio has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Ms. Lu Silverio has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages Ms. Lu Silverio accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

206.    The Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Lu Silverio's rights under Section 1981, warranting the imposition of punitive damages in addition to compensatory damages.

207.    Defendant's conduct deprived Ms. Lu Silverio of her statutory rights guaranteed under Section 1981.

208.   Ms. Lu Silverio further requests that her attorney's fees and costs be awarded as permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against the Defendant for all damages suffered by the Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, punitive damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of the Defendant's conduct in violation of the FCRA, Title VII, and Section 1981.

## JURY DEMAND

Plaintiff requests a jury trial on all issues triable as of right by jury.

Dated: Miami, Florida                    **DEREK SMITH LAW GROUP, PLLC**
       April 11, 2023,                   *Counsel for Plaintiff*

                                         /s/ Kyle T. MacDonald
                                         Kyle T. MacDonald, Esq.
                                         Florida Bar No.: 1038749
                                         Derek Smith Law Group, PLLC
                                         701 Brickell Ave, Suite 1310
                                         Miami, FL 33131
                                         Tel: (305) 946-1884
                                         Fax: (305) 503-6741
                                         Kyle@dereksmithlaw.com

Case Number: CACE-23-012471 Division: 03

Filing # 170788094 E-Filed 04/11/2023 05:14:25 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Yiwei Lu Silverio</u>
Plaintiff

Case # _____

Judge _____

vs.
<u>Just Brands LLC</u>
Defendant

**II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/11/2023 05:14:24 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   9

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Kyle Thomas MacDonald      Fla. Bar # 1038749
       Attorney or party               (Bar # if attorney)

Kyle Thomas MacDonald           04/11/2023
(type or print name)         Date

- 3 -