UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

YIWEI LU SILVERIO,

        Plaintiff,

v.

JUST BRANDS, LLC,

        Defendant.

_____/

CASE NO.: 23-60801-CIV-SCOLA

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

    Plaintiff, YIWEI LU SILVERIO ("Plaintiff" and/or "Ms. Lu Silverio"), by and through her undersigned counsel, hereby files her Memorandum of Law in Opposition to Defendant, JUST BRANDS, LLC's ("Defendant" and/or "Just Brands"), Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss" and/or "Motion"). In support of her Memorandum, Plaintiff states as follows:

**INTRODUCTION**

    Defendant's Motion seeking dismissal of the Plaintiff's Amended Complaint ("Complaint") fails to establish any meaningful pleading deficiencies and must be denied. As set forth herein, Plaintiff's Amended Complaint contains sufficient factual allegations to put Defendant on adequate notice of the claims against them and the grounds upon which they rest, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, § 760.10, Florida Statutes ("FCRA"). Plaintiff's Amended Complaint states facially plausible claims against Defendant for: (1) race and national origin discrimination in violation of Title VII and the FCRA; (2) race discrimination in

1

violation of Section 1981; (3) hostile work environment in violation of Title VII, Section 1981, and the FCRA; and (4) retaliation in violation of Title VII, Section 1981, and the FCRA. For this and other reasons, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion in its entirety.

## **STANDARD OF LAW**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Arista Records. LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). The standard is one of "flexible plausibility," "requiring a pleader to amplify her complaint with sufficient factual allegations to 'nudge [her] claims across the line from conceivable to plausible.'" *Chepak v. Metro. Hosp.*, No. 13 Civ. 1726, 2014 WL 552682, at *1 (2d Cir. Feb. 13, 2014) (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, the Court must "assume [the] veracity" of the allegations set forth, draw all "reasonable inference[s]" in the plaintiff's favor, and use its "judicial experience and common sense" to conduct a "context-specific" analysis of the complaint. *Iqbal*, 556 U.S. at 678–79. Federal Rule of Civil Procedure 8(a)(2) does not require the plaintiff to plead "specific evidence" explaining precisely how the defendant's conduct was unlawful, *Arista Records*, 604 F.3d at 119–21, but only facts sufficient to give the defendant "fair notice of what

the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations omitted).

"Under *Iqbal* and *Twombly*, then, in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against h[er] and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, No. 14-2265-CV, 2015 WL 5127519, at *11 (2d Cir. Sept. 2, 2015). In determining whether the complaint states a plausible discrimination case, a "court must be mindful of the 'elusive' nature of intentional discrimination." *Id.* at 11.

## LEGAL ARGUMENT

### I. Plaintiff's EEOC Charge Properly Asserted Race-Based Discrimination Claims

Defendant moves to dismiss Plaintiff's race-based discrimination claims on the basis that the Plaintiff's race discrimination claims "do not fall within the scope" of the Plaintiff's EEOC charge. Mot. Dismiss, ECF No. 14, p. 3. Defendant correctly notes that a plaintiff's complaint is limited to the scope of the allegations "which can reasonably be expected to grow out of the charge of discrimination." *See Alexander v. Fulton Cty.*, 207 F.3d 1303, 1332 (11th Cir. 2000). Claims "are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint." *Anderson v. Embarq/Sprint*, 379 Fed. Appx. 924, 926 (11th Cir. 2010) (internal quotations omitted). Courts interpreting Title VII claims are "extremely reluctant to allow procedural technicalities to bar claims" and have noted that "the scope of the EEOC complaint should not be strictly interpreted." *Watson v. Hillsborough Cnty.*, No. 8:16-CV-1940-T-33TBM, 2016 WL 5870216 at *3 (M.D. Fla. Oct. 7, 2016) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 461 (5th Cir. 1970)).

Here, the Plaintiff's claims of race discrimination fall squarely within the scope of the allegations raised in the Plaintiff's EEOC Charge ("Charge").[1] Defendant incorrectly states that the Plaintiff's Charge "is entirely devoid of any reference whatsoever to her race." Mot. Dismiss, ECF No. 14, p. 4. Plaintiff's Charge makes it abundantly clear that she is pursuing claims of racial discrimination. The cover page of the Plaintiff's Charge marked the box for discrimination based on race. Ex. 1, p. 1. The Plaintiff's Charge also states that she was "discriminated against by her employer on the basis of her race and national origin" and makes four separate references to race discrimination. Plaintiff's Ex. 1, p. 3. Defendant's argument rests upon the notion that the Plaintiff's identification of herself as a "Chinese-American woman" is insufficient to state a claim for race discrimination, and that the Plaintiff was required to explicitly state that she is an individual of Asian race. This restrictive and narrow interpretation is incongruent with the purpose of federal anti-discrimination laws and finds little support in precedent. *See, e.g.*, *Increase Minority Participation by Affirmative Change Today of Nw. Fla., Inc. (IMPACT) v. Firestone*, 893 F.2d 1189, 1196 (11th Cir. 1990) ("[T]he specific words of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow") (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir.1970)).

Defendant cites to several cases in support of its argument, none of which stand for the proposition that the Plaintiff's identification as a Chinese-American woman is insufficient to assert a claim of racial discrimination. Mot. Dismiss, ECF No. 14, pp. 3–4. Defendant includes a quote from *Joseph v. Florida Quality Truss Industries, Inc.*, a case in which the plaintiff attempted to assert a claim of a national origin discrimination under Section 1981. *Id.* at 2. In *Joseph*, the Court rejected the Plaintiff's novel argument and distinguished national origin discrimination claims,

---

[1] Plaintiff's EEOC Charge is attached hereto as Exhibit A.

4

which are not actionable under Section 1981, from race claims brought under Section 1981, which are actionable under the statute. *Id.* at 3. Here, the Plaintiff does not dispute this notion and has not asserted claims for national origin discrimination claim under Section 1981 for this very reason. The Defendant proceeds to cite several other cases, each of which are inapposite to the present case and involved a dismissal of the plaintiff's claims where the plaintiff's EEOC charge included *no reference* to the type of discrimination later alleged in the complaint. *See, e.g.*, *Cordero v. Heyman*, No. 97 CIV. 0435 JGK LB, 1998 WL 730558 at *5 (S.D.N.Y. Oct. 19, 1998) (dismissing the plaintiff's national origin discrimination claims because the plaintiff's EEOC charge did not make any reference to national origin discrimination); *Baker v. Indiana Fam. & Soc. Servs. Admin.*, 260 F. Supp. 2d 731, 735 (S.D. Ind. 2003) (dismissing the plaintiff's national origin discrimination claims because the plaintiff's EEOC charge did not make any reference to national origin discrimination and did not have the national origin box checked); *Jie Liu Tang v. Univ. of S. Fla.*, No. 8:05CV572T17MAP, 2005 WL 2334697 at *4 (M.D. Fla. Sept. 23, 2005) (dismissing the plaintiff's race discrimination claims because the plaintiff's EEOC charge did not make any reference to race discrimination and did not have the race discrimination box checked).

In fact, courts analyzing Title VII claims have recognized that "a particular national origin can be reasonably understood to indicate a particular race or color in some instances, such as where the populace of that nation is overwhelmingly of a single race or color.*"* *Booth v. Pasco Cnty.*, No. 8:09-CV-02621-T-30, 2010 WL 2757209 at *10 (M.D. Fla. July 13, 2010) (quoting *Oranika v. City of Chicago*, 2005 WL 2663562 at *2 (N.D.Ill.2005)); *see also Alonzo v. Chase Manhattan Bank*, 25 F. Supp. 2d 455, 459 (S.D.N.Y.1998) (finding that the plaintiff's use of the "Hispanic" in his EEOC charge was sufficient to encompass claims for race discrimination and national origin discrimination); *Henry v. Univ. of S. FL Bd. of Trustees*, No. 809-CV-11-T-33EAJ, 2009 WL

4855518 at *4 (M.D. Fla. Dec. 10, 2009) (recognizing that in many cases, race and national origin are indistinguishable). Here, this same principle applies to the Plaintiff's claims. The Plaintiff's EEOC charge made several references to race discrimination and identifies the Plaintiff as being Chinese. *See* Ex. 1, p. 3. Defendant reasonably understood that Plaintiff was asserting claims of discrimination on the basis of her Chinese national origin and Asian race. Nonetheless, Defendant urges the Court to adopt its strained interpretation of the Plaintiff's EEOC charge in an attempt to avoid addressing the Plaintiff's well-plead claims. The Plaintiff's race discrimination claims fall squarely within the scope of her EEOC Charge, and as a result, the Defendant's Motion must be denied.

## II. **Plaintiff's Factual Allegations Are More than Sufficient to Establish Claims Under Title VII, the FCRA, and Section 1981**

Plaintiff's Amended Complaint sufficiently establishes claims against Defendant under Title VII, the FCRA, and Section 1981 for (1) race and national origin discrimination; (2) hostile work environment; and (3) retaliation; and satisfies the pleading requirements necessary to survive a motion to dismiss. Plaintiff was subjected to harsh discriminatory treatment during her employment and was unlawfully terminated just days after reporting the conduct to Defendant. *See* Am. Compl., ECF No. 10, ¶¶ 81, 83, 84. Federal anti-discrimination laws were created to remedy the precise kind of unlawful discrimination outlined by the Plaintiff in her Complaint. *See, e.g.*, *Merrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999) (describing Section 1981's purpose in prohibiting intentional race discrimination).

### A. **Plaintiff Has Established a *Prima Facie* Case of Discrimination in Violation of Title VII, the FCRA, and Section 1981**

As the Eleventh Circuit has made clear, plaintiffs in employment discrimination cases are not required to plead the elements of the McDonnell-Douglas framework to survive a motion to

dismiss because the pleading requirements can vary based on differing factual circumstances.[2] *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270–71 (11th Cir. 2004); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002) (finding pleadings sufficient when they give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest).

Plaintiff has nonetheless met the elements of the *McDonnell-Douglas* framework, which include: (1) Plaintiff is a member of a protected class; (2) Plaintiff was subjected to an adverse employment action; (3) Plaintiff's employer treated similarly situated employees outside of the Plaintiff's protected class more favorably than she were treated; and (4) Plaintiff was qualified to do the job. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

As a woman of Asian race and Chinese national origin, Plaintiff is a protected class member, thus satisfying the first element. Am. Compl., ECF No. 10, ¶ 8. During her employment, Plaintiff was subjected to discriminatory remarks and verbal abuse, had her job duties altered from those which she was originally hired for, was required to work extremely long hours, and was eventually terminated by the Defendant, all of which are sufficient to constitute adverse employment actions under the second element. Am. Compl., ECF No. 10, ¶¶ 27, 34, 44, 60, 84. Defendant treated similarly situated non-Asian and non-Chinese employees more favorably under the third element, by forcing Plaintiff to report to and complete tasks for multiple managers rather than one manager, requiring Plaintiff to work 60 to 70 hour workweeks, and subjecting Plaintiff to demeaning and threatening remarks if she did not comply, among others. Am. Compl., ECF No. 10, ¶¶ 34, 52, 60. None of Plaintiff's similarly situated co-workers were subjected to the same harsh treatment by Defendant. Lastly, Plaintiff was qualified for her position based on her education and work history, as evidenced by the Plaintiff's positive work performance and the Defendant's letter of

---

[2] The Plaintiff's claims under Section 1981 are addressed in conjunction with her claims under Title VII and the FCRA because the same analysis applies to each. *See Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022)

recommendation issued after the Plaintiff's termination, thereby satisfying the fourth element. *See, e.g.*, Am. Compl., ¶ 86.

Defendant asserts that the Plaintiff's claims of discrimination fail for three reasons: (1) the verbal abuse suffered by the Plaintiff is not sufficient to form the basis for a claim of discrimination, (2) the Plaintiff's extremely burdensome workload and altered job duties are not sufficient to constitute an adverse employment action, and (3) the Plaintiff did not specifically identify comparators who were treated differently. Mot. Dismiss, ECF No. 14, pp. 5–8. Each of Defendant's arguments attempt to address the Plaintiff's allegations in isolation and fail to address the Defendant's treatment of the Plaintiff under the totality of the circumstances.

In its Motion, Defendant first contends that the Plaintiff's allegations of verbal abuse are not sufficient to state a claim for discrimination. Defendant misconstrues the pleading standard for a claim of hostile work environment with that of a disparate treatment claim and asserts that for the Plaintiff to state a claim for discrimination, "the conduct must be sufficiently pervasive so as to alter the conditions of employment".[3] Mot. Dismiss, ECF No. 14, p. 6. As previously described, the Plaintiff has satisfied each element of the *McDonnell-Douglas* framework, which, by itself, is sufficient to survive a motion to dismiss. The Plaintiff suffered several adverse employment actions, including but not limited to, the altering of her job duties and responsibilities, the increase in her workload and work hours, and her unlawful termination. Am. Compl., ECF No. 10, ¶¶ 27, 34, 44, 60, 84. These adverse employment actions, taken in conjunction with the more favorable treatment of the Plaintiff's co-workers, establish a *prima facie* case of disparate treatment on the part of the Defendant. The Defendant's discriminatory and threatening remarks such as calling the Plaintiff a "cheapshit Chinese girl" provide further evidence of the Defendant's discriminatory

---

[3] Plaintiff nonetheless addresses the severity and pervasiveness of the Defendant's conduct in discussing her hostile work environment claims. *See* discussion *infra* Part III.B.

animus. Am. Compl., ECF No. 10, ¶¶ 60, 80. The Plaintiff's complaint details how the Defendant asserted the Plaintiff's failure to completely her assignments as the basis for the Plaintiff's termination and just several days later, issued the Plaintiff a letter of recommendation commending her "professionalism and work ethic." Am. Compl., ECF No. 10, ¶¶ 86. These factual allegations show that the Defendant's justification for the Plaintiff's termination was pretextual in nature.

Defendant's second argument fails for similar reasons. In its Motion, Defendant correctly notes that to establish an adverse employment action, the Plaintiff must show a "serious and material change in the terms, conditions, or privileges of employment." Mot. Dismiss, ECF No. 14, p. 7; *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001). Defendant contends that the Plaintiff's allegations of an extremely burdensome workload and the changing of her job duties are insufficient to establish an adverse employment action. Mot. Dismiss, ECF No. 14, p. 6. As an initial matter, this argument incorrectly assumes that only adverse employment action alleged by the Plaintiff was the increased workload she experienced and ignores the adverse actions alleged, including the Defendant's unlawful termination of the Plaintiff, which, by itself, is sufficient to satisfy the adverse employment action element. *See Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006) (stating that adverse employment actions include hiring, firing, failing to promote, reassignment with significantly different responsibilities, and decisions altering compensation or causing a significant change in benefits).

In support of its argument, Defendant cites to *Gupta v. Florida Board of Regents* for the proposition that being assigned more work than another employee is not an adverse employment action. 212 F.3d 571 (11th Cir. 2000). In *Gupta*, the plaintiff, who worked as university professor, argued that being assigned to teach more credit hours than other professors constituted an adverse employment action. *Id.* at 587. The Court rejected this argument, not because being forced to

9

perform more work fails to constitute an adverse employment action, but rather, because the scheduling of the professor for additional hours was a proposed change that was corrected before it took effect, thereby preventing the plaintiff from suffering any adverse consequences. *Id.* at 588.

The Eleventh Circuit has recognized that an increased workload constitutes discriminatory conduct when the change is "so substantial and material that it does indeed alter the terms, conditions, or privileges of employment." *Austin v. FL HUD Rosewood LLC*, 791 F. App'x 819, 825 (11th Cir. 2019) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1245 (11th Cir. 2001)). The Supreme Court has noted that in evaluating whether a particular act constitutes an adverse employment action, the plaintiff's specific circumstances and the surrounding context are critical to the court's analysis. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006) (stating that a "schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school-age children"). Here, the Plaintiff was required to work 20 to 30 hours more than her non-Chinese/non-Asian counterparts and was required to complete work assignments for multiple managers, in comparison to her non-Chinese/non-Asian counterparts who reported to just one manager. Am. Compl., ECF No. 10, ¶¶ 51, 52, 53. When the Plaintiff complained about the disparate treatment, she was met with threats and intimidation, and before ultimately being terminated. Am. Compl., ECF No. 10, ¶¶ 80, 83, 84. The Plaintiff's extremely onerous workload negatively impacted her professional development, caused extreme stress in her personal life, and put her at a significant disadvantage in comparison to her colleagues. The Defendant's actions, taken as whole, are more than sufficient to establish an adverse employment action.

Defendant's third argument is that the Plaintiff's claims of discrimination fail because the Plaintiff's Amended Complaint does not specifically identify comparators. Contrary to the

Defendant's position, the Plaintiff is not required "to identify each similarly situated nonminority employee for a discrimination claim to pass muster at the motion to dismiss stage." *Raja v. Englewood Cmty. Hosp., Inc.*, No. 8:12-CV-02083-JDW, 2013 WL 4016518, at *3 (M.D. Fla. Aug. 6, 2013). *See* also *Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 WL 6682535, at *4 (S.D. Fla. Nov. 25, 2014) (holding that a plaintiff is not required to identify specific comparators by name to sufficiently plead a claim of discrimination). The Plaintiff's Amended Complaint contains specific factual allegations regarding the discriminatory comments and conduct she experienced and the ways in which she was treated less favorably than her non-Chinese/non-Asian counterparts. *See, e.g.*, Am. Compl., ECF No. 10, ¶¶ 51, 52, 53, 80, 83, 84. Accordingly, the Defendant's Motion to Dismiss the Plaintiff's discrimination claims must be denied.

### B. Plaintiff Has Established a *Prima Facie* Case of Hostile Work Environment in Violation of Title VII, the FCRA, and Section 1981

To establish a *prime facie* case of hostile work environment, the Plaintiff must show (1) that she belonged to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment was based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). In analyzing whether the conduct was objectively hostile, courts analyze several factors, including (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with the employee's job

performance. *Thompson v. City of Miami Beach*, 990 F. Supp. 2d 1335, 1339–1140 (S.D. Fla. 2014) (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).

Plaintiff has established each of the above-mentioned elements. Plaintiff is a member of a protected class as a woman of Chinese national origin and Asian race. Am. Compl., ECF No. 10, ¶ 8. In the Complaint, Plaintiff describes how she was subjected to a work environment rife with severe and pervasive discriminatory conduct, including being subjected to humiliating and isolating conduct such as giving Plaintiff's workspace away to another employee without any notice to Plaintiff, forcing the Plaintiff to work extremely long work hours in comparison to her non-Chinese/non-Asian co-workers, intimidating and threatening Plaintiff when she complained about the treatment she was receiving, and calling Plaintiff discriminatory remarks such as a "cheapshit Chinese girl," among others. *See, e.g.*, Am. Compl., ECF No. 10, ¶¶ 51, 52, 60, 64, 80. Defendant's own supervisors subjected Plaintiff to this discriminatory treatment, thereby making Defendant liable for the hostile work environment. *See* Am. Compl., ECF No. 10, ¶¶ 22, 24, 53, 60.

Defendant contends that Plaintiff's allegations are not sufficiently severe or pervasive enough to state a claim for hostile work environment. This argument plainly ignores the seriousness of the conduct alleged by the Plaintiff, as described above. This argument is also ill-suited for the motion to dismiss stage, as the Parties have not had a chance to gather evidence in the discovery process and properly develop a factual record. *See Redway v. Univ. of Miami*, No. 17-CV-23326, 2018 WL 10561528 at *5 (S.D. Fla. Sept. 5, 2018) ("this argument is 'best reserved for the summary judgment stage, when this Court will have more evidence before it on which to base its decision'") (quoting *Strong v. AngioDynamics, Inc.*, No. 2:16-CV-01800-LSC, 2017 WL 1233796, at *4 (N.D. Ala. Apr. 4, 2017)), *report and recommendation adopted*, No. 17-CV-23326,

2018 WL 10758656 (S.D. Fla. Sept. 25, 2018). The Plaintiff's Amended Complaint contains sufficient factual allegations to put the Defendant on notice of her hostile work environment claims and the grounds upon which they rest. Accordingly, the Defendant's Motion to Dismiss the Plaintiff's hostile work environment claims must be denied.

### C. Plaintiff Has Established a *Prima Facie* Case of Retaliation in Violation of Title VII, the FCRA, and Section 1981

To establish a *prima facie* case of retaliation, Plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the materially adverse action. *Bell v. City of Auburn,* 722 F. App'x 898, 900 (11th Cir. 2018) (citing *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993)). "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). The causation element of retaliation is to be construed broadly, so that the Plaintiff need only prove that the protected activity and the adverse action are not completely unrelated. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (citation omitted).

The Plaintiff's Amended Complaint satisfies each element of her retaliation claims. As to the first element, the Plaintiff engaged in a statutorily protected activity when she opposed the Defendant's discriminatory conduct. Specifically, Plaintiff complained about the discriminatory treatment she was experiencing (1) directly to Sandman on or around June 15, 2021; and (2) to Rakine and Goble on or around June 15–16, 2021. *See* Am. Compl., ECF No. 10, ¶¶ 78, 81, 83. The very next day after her complaints, Plaintiff suffered an adverse employment action when was unlawfully terminated under the guise of a failure to timely complete her work assignments, thereby satisfying the second element. *See* Am. Compl., ECF No. 10, ¶¶ 84, 85. Lastly, the Plaintiff

13

can establish causation because her complaints of discrimination were extremely close in temporal proximity to her termination by the Defendant.

Defendant asserts that the Plaintiff's complaints of discriminatory treatment were not sufficient to be deemed protected activities under the law because Plaintiff "did not complain to the company's human resources or to a supervisor that she was being discriminated against." Mot. Dismiss, ECF No. 14, p. 6. As described above, the Plaintiff did in fact complain to Goble, a human resources representative for Defendant, and to Rakine and Sandman, supervisors for Defendant. *See* Am. Compl., ECF No. 10, ¶¶ 78, 81, 83. It is well-established that complaints, including informal complaints or the use of an internal grievance system, are protected activities under Title VII. *See Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1144 (11th Cir. 2020); *see also Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) ("Title VII's protections are not limited to individuals who file formal complaints, but extend to those who voice informal complaints as well." (citation omitted)). Here, the Plaintiff's complaints of discriminatory treatment fall well within the scope of statutorily protected activity and were extremely close in temporal proximity to the adverse employment actions that she suffered. Accordingly, the Defendant's Motion to Dismiss the Plaintiff's retaliation claims must be denied.

## **CONCLUSION**

For the reasons set forth above, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss Plaintiff's Amended Complaint in its entirety.[4]

---

[4] Alternatively, should the Court find in favor of the Defendant on any of the aforementioned issues, the Plaintiff respectfully requests that this Court grant leave to amend the Complaint and cure any deficiencies.

| | |
|---|---|
| Dated:  Miami, Florida,<br>　　　　June 27, 2023, | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff*<br><br>*/s/ Kyle T. MacDonald*<br>Kyle T. MacDonald, Esq.<br>Florida Bar No.: 1038749<br>Derek Smith Law Group, PLLC<br>701 Brickell Ave, Suite 1310<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Kyle@dereksmithlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on June 27, 2023, on all counsel of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**TIRADO-LUCIANO & TIRADO**

Alex Tirado-Luciano, Esq.
Tirado-Luciano & Tirado
Gables International Plaza
2655 Le Jeune Rd., Suite 1109
Coral Gables, FL 33134
(305) 390-2320
Email: atl@TLTirado.com

*Counsel for Defendant*