# EXHIBIT A

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | EEOC MIAMI DISTRICT OFFICE<br>RECEIVED 10-22-2021<br>Agency(ies) Charge No(s):<br>515-2022-00096 |

Florida Commission on Human Relations and Miami Dade County Commission on Human Relations ___ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Yiwei Silverio (may@santoficio.com) | 3056193461 | 10/29/1990 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5921 SW 46 Terrace | Miami, FL 33155 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Just Brands LLC | 15+ | n/a |

| Street Address | City, State and ZIP Code |
|---|---|
| 3406 SW 26th Terr C1-5 | Fort Lauderdale, FL 33312 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (*Specify*) Hostile Work Envirnment, Wrongful Termination

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/22/2020  Latest: Present
☒ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

***SEE ATTACHED CHARGE***

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10 / 20 / 2021
Date — *Charging Party Signature* (signed: Yiwei Silverio)

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Doc ID: 80ed7c6784dad726878d42c429474b03cb53097f



October 20, 2021,

**Via Email & Certified Mail/Return Receipt**
Equal Employment Opportunity Commission
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
mattymia@eeoc.gov

<strong><u>CHARGE</u></strong>

| | | |
|---|---|---|
| Re: | Our Client            : | YIWEI LU SILVERIO |
| | Nature of Complaint: | RACE DISCRIMINATION, NATIONAL ORIGIN DISCRIMINATION, HOSTILE WORK ENVIRONMENT, RETALIATION, WRONGFUL TERMINATION |

Claimant,

-against-

**JUST BRANDS LLC**

Respondents.

Dear Sir or Madam:

  The following is a charge of discrimination based on race, national origin, hostile work environment, retaliation and wrongful termination that this office is filing on behalf of Yiwei Lu Silverio against the above Respondent Just Brands LLC (hereinafter referred to as "BRANDS" or "Respondent").

Ms. Lu Silverio's address and telephone number are:

  5921 SW 46 Terrace
  Miami, FL 33155
  (305) 619-3461

  The name and address of the business(es) against whom the charge is made is:

JUST BRANDS LLC
3406 SW 26th Terr C1-5

Miami Office Address: 701 Brickell Ave., Suite 1310 | Tel: 305-946-1884 | Fax: 305-503-6741
www.discriminationandsexualharassmentlawyers.com

EEOC MIAMI DISTRICT OFFICE
RECEIVED 10-22-2021

Fort Lauderdale, FL 33312

The exact number of employees at the above entity is unknown, but upon information and belief, there are well more than the statutory minimum.

**A Statement of Facts is as follows:** Upon information and belief, Claimant alleges as follows:

1. At all times material, Claimant YIWEI LU SILVERIO (hereinafter referred to as "LU SILVERIO" or "Claimant") is seeking damages to redress the injuries Claimant has suffered as a result of, inter alia, being discriminated against by her employer on the basis of her race and national origin, together with being subjected to a hostile work environment, retaliation and wrongful termination.

2. At all times material, Claimant was and is an individual, Chinese-American woman, who is a resident of the State of Florida, Miami-Dade County.

3. At all times material, Respondent JUST BRANDS LLC was and is a Florida Limited Liability Company with a principal address at 3406 SW 26th Terr C1-5, Fort Lauderdale, FL 33312.

4. On or about October 22, 2020, Respondent hired Claimant as a Procurement Manager.

5. On or about February 10, 2021, Respondent's owner HUSSEIN RAKINE ("RAKINE") introduced Claimant to Respondent's owner and partner BRETT SANDMAN ("SANDMAN").

6. At all times material, RAKINE and SANDMAN oversaw Claimant's work, controlled Claimant's daily activities, and had the ability to hire and fire Claimant.

7. RAKINE and SANDMAN requested that Claimant assist with the translation of some documents from English to Chinese. Specifically, RAKINE told Claimant that SANDMAN was a "partner and owner of Just CBD" that "needs some help with communication with a client." In addition, Claimant was told to help SANDMAN with "anything he needs."

8. At all times material, translating documents was never part of Claimant's job description and was not a perquisite for her hire.

9. On or about February 11, 2021, SANDMAN sent Claimant 4 document to be translated from English to Chinese.

10. Claimant assumed this would be a one time or seldom made request and agreed to assist with the translation to show Respondent that she was a team player and a valuable asset willing to go above and beyond in her role as Procurement Manager.

11. On or about February 18, 2021, Respondent's Social Media Marketing Assistant ARIANA [LAST NAME UNKNOWN] ("ARIANA") sent Claimant an email requesting assistance with translation. Once again, Claimant obliged.

12. On or about February 24, 2021, SANDMAN sent Claimant 12 documents to translate from English to Chinese.

13. Claimant reported to RAKINE that the translation requests required skillsets other than those which her position entailed, and that they were slowing down her on other projects.

3

14. Claimant even proposed the idea that she could help in the search of finding a freelance translator to assist.

15. RAKINE replied that he would not force Claimant to do the translations, but would appreciate the favor of helping SANDMAN.

16. Feeling the pressure from the very top of the company, Claimant once again obliged and helped with the translation.

17. At all times material, Respondent unfairly assigned work to Claimant based on her race and national origin.

18. On or about February 25, 2021, Respondent's Social Media Department Assistant CAROLINA [LAST NAME UNKNOWN] emailed Claimant asking for her assistance with the translation of documents.

19. On or about February 26, 2021, Claimant met with RAKINE and again explained the hinderance to her job duties that all the translation was causing her.

20. RAKINE approved the search and hire of a freelance translator to be conducted along with Claimant.

21. Claimant selected 3 candidates for RAKINE to hire, who gave Claimant the final say.

22. On or about March 3, 2021, Respondent hired a freelance translator.

23. Claimant was deeply offended but did not want to rock the boat as she was a relatively new employee.

4

24. On or about March 5, 2021, SANDMAN sent Claimant a document containing 226 pages of information for Respondent's website for translation from English to Chinese.

25. At all times material, Respondent still expected Claimant to be involved in the translation of documents, working hand in hand with the freelancer.

26. At all times material, the translation required the translating the documents into 2 languages (simplified and traditional Chinese), the following of strict and tedious Chinese advertisement laws in China, as well as proofreading for spelling and grammatical errors and the insertion of additional information.

27. Sometime in April of 2021, SANDMAN told Claimant, "Oh, you are the cheap shit Chinese girl? Sexy!"

28. Claimant was horrified that one of the owners of the company would make such an insensitive, degrading, racist and inappropriate comment at work as if it were a casual joke.

29. On or about April 7, 2021, SANDMAN sent Claimant an email stating, "Are we done? Or you want me to scrap the sites for them I can have someone scrap all content better."

30. Claimant was confused by SANDMAN's language but SANDMAN was clear that he was displeased by how long the translation was taking.

31. Claimant replied, "No, we are not done yet. Still in progress. It's taking up all of my time and postponing the majority of other projects. Not sure what you mean "scrap." The main issue is translating the content accurately, with the correct content and reducing the risk

5

of getting into legal issues in China. Word for word translations make no sense and the brand will get in trouble or have a bad reputation in China for misleading people. As an example, "the best CBD" or "natural supplements" and these types of statements need to be very carefully written and translated in ways that do not violate Chinese law."

32. Claimant hoped her thorough and detailed explanation would show how hard she was working on the translation and ease SANDMAN's concerns. SANDMAN instead continued to demand faster results.

33. On or about April 14, 2021, CAROLINA again sent Claimant a translation request.

34. Claimant, still working on SANDMAN's 226 page translation, told CAROLINA that she would assign it to the freelancer in the order of translation requests received. Claimant also requested that any documents be verified for accuracy in English via the spell check, proofread features of Microsoft Word and reviewed by a professional legal counselor/ lawyer to ensure the best legal protection.

35. SANDMAN, who was copied on the email, responded saying "For social you can just use Google translate."

36. In or around April of 2021, Claimant had a meeting with RAKINE. In the meeting, Claimant mentioned that she needed more resources in the procurement department in the form of manpower, budget, etc. RAKINE informed Claimant that there was no room in the budget to give her the adequate resources to be successful in her role. RAKINE told

6

EEOC MIAMI DISTRICT OFFICE
RECEIVED 10-22-2021

Claimant that perhaps in a couple of months the budget might open up after the closing a deal that Respondent was in the midst of negotiating.

37. On or about April 27, 2021, Claimant finished translating the documents. Once again, Claimant became the target of SANDMAN's frustrations due to issues concerning another "labeling project." According to SANDMAN, the Design/Marketing Department was incapable of completing the project and outsourcing the service would take too long and cause a delay. Claimant's job description is void of design/engineering duties; nevertheless, SANDMAN assigned Claimant to assist on the project.

38. At all times material, designing/engineering labels was never part of Claimant's job description and was not a perquisite for her hire.

39. On or about June 15, 2021, SANDMAN was frustrated with a project Claimant was working on that he felt was taking long. SANDMAN emailed Claimant "Let's get this fucking done already does not have to be perfect I need prices from the printer by tomorrow."

40. At all times material, the project Claimant was working on was tedious and time consuming, made worse by the fact that she was constantly working on designing and engineering, which were not part of her job description.

41. Claimant told SANDMAN that he was way out of line for speaking to her in such a foul, unprofessional way.

42. Claimant also reached out to RAKINE to request a meeting to address SADNMAN's behavior as well as issues with the project in question.

43. SANDMAN replied that he could speak to Claimant however he wanted because the delay in project completion could potentially cost him a lot of money.

44. Claimant replied that she would like to include Respondent's Human Resource Director LISA GLOBE ("GLOBE") on all further communication with SANDMAN and set up a mediation style meeting to resolve any lingering issues.

45. RAKINE replied that the project was taking too long and Respondent needed it to be done ASAP. RAKINE completely ignored Claimant's complaints.

46. Claimant again replied that she would like to have a meeting with HR to clarify the issues that are arising because of work she has been asked to done that did not fit into her job description.

47. Upon messaging GLOBE via WhatsApp for the fourth time, GLOBE informed Claimant that RAKINE would reach out to her to discuss the issues at hand.

48. At all times material, RAKINE nor any of Respondent's other employees reached out to Claimant to discuss the issues at hand.

49. On or about June 16, 2021, Claimant once again sent GLOBE an email detailing the issues she was having deriding from the discriminatory treatment from SANDMAN and RAKINE delaying her work on other projects.

50. RAKINE responded to Claimant's email with a Termination letter.

51. On or about June 16, 2021, Respondent terminated Claimant.

52. The above are just some of the examples of unlawful discrimination and retaliation to which the Respondent subjected Claimant on a frequent and ongoing basis throughout Claimant's employment.

53. Respondent exhibited a pattern and practice of not only discrimination but also retaliation.

54. At all times material, Respondent's supervisors and management acted with deliberate indifference to the discriminatory treatment, hostile work environment and the retaliation complained of herein.

55. As a result of the unlawful acts and conduct, Claimant suffered and will continue to suffer damages, including but not limited to financial and economic damages, lost wages (back pay and front pay) and benefits, advancement opportunities within the company, compensatory damages, and continues to suffer same. Claimant has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

56. Respondent's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, so as to support and justify an award of punitive damages against Respondent.

EEOC MIAMI DISTRICT OFFICE
RECEIVED 10-22-2021

57. Respondent is either directly or vicariously responsible for the unlawful acts and conduct complained of herein.

58. We hereby request that this Charge be simultaneously filed with the Florida Commission on Human Relations and any other state and local agency with whom you have a work sharing agreement as Claimant is making a claim under all applicable rules, regulations, statutes and ordinances that apply to Claimant's facts.

Please contact me if you have any questions or require any additional information. Thank you for your courtesy and cooperation in this matter.

Very truly yours,

**DEREK SMITH LAW GROUP, PLLC**

*/s/Iris Collins-Cruz*
Iris Collins-Cruz, Esq.
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
iris@dereksmithlaw.com